# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                          **Case No.  6:06-cr-122-Orl-PCF-GJK**

**SIMEON A. HUNTLEY, III**

_____

## ORDER

This case comes before the Court on the Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and the Fair Sentencing Act of 2010 by Simeon A. Huntley, III.  (Doc. No. 68, filed Feb. 14, 2011.)

### Analysis

On September 11, 2006, Defendant entered a plea of guilty to Count One of the Indictment, which alleged that on or about June 6, 2006, Defendant knowingly and intentionally possessed with intent to distribute and distribute 50 grams or more of a substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii), and (b)(1)(C).  (Doc. No. 1, filed June 28, 2006; Doc. No. 31, filed Sept. 11, 2006.)  On January 9, 2007, Defendant was sentenced to a 120 month term of imprisonment.  (Doc. No. 40, filed Jan. 10, 2007.)

In the present Motion for Reduction of Sentence, Defendant contends that the Fair Sentencing Act of 2010 ("FSA") should be applied retroactively to the Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2), resulting in a reduction of the Defendant's sentence from 120 months to a range of 51 to 63 months.  (Doc. No. 68 at 12.)

On August 3, 2010, Congress enacted the FSA to "restore fairness to Federal cocaine sentencing."  Pub. L. No. 111-120, 124 Stat. 2372, 2372 (2010).  The FSA increased the amount of

crack cocaine required to trigger the 10-year mandatory minimum sentences in 21 U.S.C. § 241(a)(1).

*Id.* § 2(a)(1).  Under the FSA, the 10-year minimum sentence only applies to offenses involving 280

grams or more of crack cocaine.  *Id.* § 2(a)(2).  Prior to the enactment of the FSA, offenses involving

50 grams or more of crack cocaine were sufficient to trigger the 10-year minimum.  21 U.S.C. §

841(b)(1)(A) (2009).  Because the FSA is silent on the issue of retroactivity, the Court must look to

the general savings statute, 1 U.S.C. § 109, to determine if the Defendant is entitled to be resentenced

under the FSA's less severe penalty provisions.

The general savings statute provides, in relevant part, that "[t]he repeal of any statute shall not

have the effect to release or extinguish any penalty . . . incurred under such statute, unless the

repealing Act shall so expressly provide . . . ."  1 U.S.C. § 109.  Moreover, the savings statute dictates

that the repealed statutes "shall be treated as still remaining in force for the purpose of sustaining any

proper action or prosecution for the enforcement of such penalty . . . ."  *Id.*  In *United States v. Gomes*,

621 F.3d 1343 (11th Cir. 2010), the Eleventh Circuit held that § 109 barred the FSA from applying

retroactively because the defendant had committed his crimes before the FSA took effect.  *Id.* at 1346.

Here, the Defendant similarly committed his crimes before the FSA took effect.  Accordingly, the

FSA does not apply retroactively to the Defendant's sentence, and he is not entitled to be resentenced

under the FSA's less severe penalty provisions.

**Conclusion**

-2-

Based on the foregoing, the Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and the Fair Sentencing Act of 2010 by Simeon A. Huntley, III (Doc. No. 68, filed Feb. 14, 2011) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on this  day of February 22, 2011.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Simeon A. Huntley, III